

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

JUL 2 3 2026

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No.  8:26-cr-00245 MAD |
|  | ) |
| v. | ) **Indictment** |
|  | ) |
| BASIL LAZORE, a/k/a "MOOSE," and MICHAEL ARQUETTE, | ) Violation:   21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) & (b)(1)(B) [Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances] |
| Defendants. | ) |
|  | ) One Count & Forfeiture Allegation |
|  | ) County of Offense:   Franklin |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances]**

Between on or about May 1, 2026 and July 14, 2026, in Franklin County, in the Northern District of New York, and elsewhere, the defendants, **BASIL LAZORE, a/k/a "MOOSE," and MICHAEL ARQUETTE,** and others, conspired to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  That violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A), and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B).

## FORFEITURE ALLEGATION

The allegations contained in Count One of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853(a).

Upon conviction of an offense in violation of 21 U.S.C. § 841 as set forth in Count One, the defendants, **BASIL LAZORE, a/k/a "MOOSE" and MICHAEL ARQUETTE** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1), any property constituting and derived from any proceeds obtained, directly and indirectly as a result of the offense, including, but not limited to:

(1) A money judgment in an amount to be determined.

### Substitute Assets

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

2

Dated:    July 23, 2026

A TRUE BILL,

████████████████████████

Grand Jury Foreperson

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:    _____

Jeffrey C. Stitt
Assistant United States Attorney
Bar Roll No. 520195

3